FILED
CLERK, U.S. DISTRICT COURT

FEB 18 2009

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT
8                    CENTRAL DISTRICT OF CALIFORNIA
9                         WESTERN DIVISION
10   SILVA ALIKSANIAN,              )   Case No. CV 09-01030 CJC (AN)
                                    )
11             Petitioner,          )   MEMORANDUM AND ORDER
                                    )
12        v.                        )
                                    )
13   WALLACE ALLEN GOODSTEIN,       )
     et al.,                        )
14                                  )
               Respondents.         )
15   _____    )

16
17                          **I. Background**
18        On February 12, 2009, *pro se* petitioner Silva Aliksanian filed her pending habeas
19   petition pursuant to 28 U.S.C. § 2254 ("§ 2254"). Pursuant to the Court's duty to screen §
20   2254 petitions before service,[1] the Court has reviewed the Petition and finds it must be
21   dismissed because it plainly appears that Aliksanian is using the Petition to challenge the
22   conditions of her confinement, not the legality or duration of a state conviction and related
23   prison sentence (Petition at 3.)

24   _____
25        [1] Rule 4 of the Rules Governing Section 2254 Cases in the United States District
26   Courts, 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and
     "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not
27   entitled to relief in the district court, the judge must dismiss the petition and direct the clerk
     to notify the petitioner." *See also* Local Rule 72-3.2 (authorizing magistrate judge to
28   prepare proposed order for summary dismissal and proposed judgment for district judge if
     it plainly appears from the face of petition that petitioner is not entitled to relief).

1    Specifically, the Petition reflects Aliksanian is currently being detained at the Century
2    Regional Detention Facility ("CRDF"). (Petition at 3.) The CRDF is a custody facility for
3    women that is operated by the Sheriff's department for Los Angeles County. The Petition
4    does not specify the reason for Aliksanian's detention and she simply wrote "N/A" in
5    response to the parts of the petition form asking her to identify the dates of her conviction
6    and sentence. (*Id.*) The Petition also fails to allege or show that Aliksanian sought direct
7    or collateral review of any claims relating to a state conviction or sentence that have been
8    adjudicated on the merits by any of the state courts. (*Id.* at 3-6.) Further, the Petition raises
9    three grounds for relief, which are summarily described as follows:  (1) Aliksanian's
10   detention is preventing her from retaining a new attorney[2] to represent her in a medical
11   malpractice action that she filed in the California Superior Court for Los Angeles County
12   (ground one); (2) in connection with civil cases, she and other *pro se* CRDF inmates are
13   being denied access to the Sheriff's video-teleconferencing room, law library, legal forms,
14   and telephone calls (ground two); and (3) respondents have a rule that requires every CRDF
15   inmate to place all personal property inside of a green canvas bag measuring 18"x 12"
16   (ground three).  (*Id.* at 6-7.)  As for relief, Aliksanian does not seek release from her
17   custody.  Instead, she fundamentally requests this Court to issue an order that would stay
18   or enjoin the state court from proceeding with her medical malpractice case until she is
19   released from custody and can retain new counsel.  (*Id.* at 8.)
20   ///
21   ///
22
23
24
25
26
27   _____
        [2] Aliksanian's allegations establish the superior court granted her original attorney's
28   motion to withdraw.

## II.  Discussion

**A.   The Petition must be dismissed since it is principally directed at Aliksanian's conditions of confinement and does not challenge the legality or duration of her custody arising from a state conviction or sentence.**

A habeas corpus petition can only be used to challenge the legality or duration of a prisoner's confinement; in contrast, a civil rights action is the proper mechanism for challenging conditions of confinement. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (prisoner must bring condition of confinement claims by way of a civil rights complaint brought pursuant to 42 U.S.C. § 1983 ("§ 1983"), not a habeas corpus petition). Further, a district court only has jurisdiction to consider a § 2254 petition that is brought by a person in state custody pursuant to a state judgment of conviction or sentence who claims her state custody violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254 (a).   It plainly appears from the Petition that Aliksanian is challenging the conditions of her confinement, not the legality or duration of an underlying state conviction and sentence. Therefore, the Court finds the Petition is subject to summary dismissal pursuant to Habeas Rule 4. *See Mayle v. Felix*, 545 U.S. 644, 656, 125 S. Ct. 2566 (2005) ("Under Habeas Rule 4, if 'it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court,' the court must summarily dismiss the petition without ordering a responsive pleading.")

**B.   The Court declines to construe the Petition as a civil rights complaint.**

Although this Court has the discretion to convert the pending habeas petition to a prisoner civil rights case in appropriate circumstances, *see Wilwording v. Swenson*, 404 U.S. 249, 251, 92 S.Ct. 407 (1971), *overruled on other grounds by Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006), it chooses not to do so here for the following reasons.

Prisoner civil rights actions under § 1983 are subject to different requirements than federal habeas proceedings under § 2254. The filing fee for a prisoner civil rights complaint is $350.00 compared to the substantially lower $5.00 filing fee for habeas petitions. 28 U.S.C. § 1914(a).  Prisoners seeking to bring civil rights actions *in forma pauperis* ("IFP")

1    must also qualify for IFP status and become financially responsible for paying the full
2    $350.00 filing fee from their prison trust accounts. 28 U.S.C. §1915(b)(1).

3          Further, the Prison Litigation Reform Act has amended 42 U.S.C. § 1997e to provide
4    that "[n]o action shall be brought with respect to prison conditions under section 1983 of
5    this title, or any other Federal law, by a prisoner confined in any jail, prison, or other
6    correctional facility until such administrative remedies as are available are exhausted." 42
7    U.S.C. § 1997e(a). The exhaustion requirement imposed by § 1997e(a) applies to all claims
8    relating to prison life that do not implicate the duration of a prisoner's sentence, *Porter v.*
9    *Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983 (2002), and it is a mandatory prerequisite to
10   bringing a civil rights action that cannot be waived by a district court. *Ngo*, 548 U.S. at 85;
11   *Booth v. Churner*, 532 U.S. 731, 739, 121 S.Ct. 1819 (2001). "If the district court concludes
12   that the prisoner has not exhausted nonjudicial remedies [in a § 1983 case], the proper
13   remedy is dismissal of the claim without prejudice." *Wyatt v. Terhune*, 315 F.3d 1108, 1120
14   (9th Cir. 2002). In order to make sure that a prisoner has complied with the foregoing
15   exhaustion requirements, this Court requires prisoners bringing § 1983 civil rights actions
16   to use the Court-approved civil rights complaint form, which contains instructions that are
17   tantamount to general orders of this Court and require the inmate to "attach copies of papers
18   related to the grievance procedure." Civil Rights Complaint Form CV-66, page 3; *see Brady*
19   *v. Attygala,* 196 F. Supp. 2d 1016, 1018 (C.D. Cal. 2002).

20         Aliksanian's Petition is not prepared on this Court's approved prisoner civil rights
21   complaint form. She has not paid the required $350.00 filing fee to file a prisoner civil
22   rights complaint or shown that she is entitled to proceed IFP. She has not authorized funds
23   to be withdrawn from her inmate trust account to pay for all or any part of the filing fee. Her
24   Petition does not allege or show that she has exhausted her administrative remedies in
25   accordance with the CRDF's grievance procedures with respect to the subjects of her claims.

26         Based upon the foregoing, the Court finds it is inappropriate to construe the petition
27   as a civil rights complaint and declines to do so.
28   ///

Page 4

### III. Conclusion

For the reasons set forth above, the petition is summarily dismissed without prejudice. A judgment of dismissal of the entire action shall be entered accordingly.

**IT IS SO ORDERED.**

DATED:  February *18* , 2009

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Presented by:

Arthur Nakazato
United States Magistrate Judge